**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNICREDIT BANK AG, NEW YORK
BRANCH, f/k/a BAYERISCHE HYPO-
UND VEREINSBANK, AG, as agent for
THE BANK OF NEW YORK,

                Plaintiff,

v.
                                        Case No. 12-CV-2254 EFM/DJW

GARDNER WALTON & ASSOCIATES,
INC., ROBERT J. WALTON, GRETCHEN
A. WALTON, TEDDY ALLAN GARDNER,
VICKI GARDNER, POWER GROUP
COMPANY, LLC, AND POWER GROUP
RISK SERVICES, LLC,

                Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court is Defendants' Motion to Stay Discovery and All Other Federal Rule of Civil Procedure 26 Activities Except Mediation (ECF No. 19). Defendants request that the Court issue an Order staying all Fed. R. Civ. P. 26 proceedings (with the exception of early mediation), including the Rule 26(f) meeting, report of planning meeting, initial disclosures pursuant to Rule 26(a)(1), scheduling conference, discovery, and all other Rule 26 activities, until such time as this Court has had an opportunity to rule on Defendants' Motion to Dismiss (ECF No. 17). In that motion, Defendants move to dismiss Plaintiff's complaint as to all parties on the grounds that (1) Plaintiff does not have standing to bring these claims against any of these Defendants as Plaintiff was not a party to the underlying agreements it attempts to enforce, and hence lacks subject matter jurisdiction, and, alternatively (2) that Plaintiff's Complaint fails to state a cognizable claim for relief for any of the eight causes of action that Plaintiff asserts. Plaintiff opposes the motion, arguing

that the case that Defendants rely upon in their motion to dismiss, *Tri-State Truck Insurance, Ltd. v. First National Bank of Wamego*,[1] is factually different than this case and does not establish that this case is likely to be concluded as a result of a ruling on the motion to dismiss. As set forth below, the Court grants Defendants' motion to stay.

## I.   Applicable Standard for Ruling on a Motion to Stay Case Pending Ruling on a Dispositive Motion

The decision to stay discovery is firmly vested in the sound discretion of the trial court.[2] The Tenth Circuit, however, has recognized the principle that "the right to proceeding in court should not be denied except under the most extreme circumstances."[3] In light of this principle, the general policy in the District of Kansas is not to stay pretrial proceedings and discovery based upon the pendency of dispositive or other motions, even though they may have a significant bearing on the case.[4] The court has recognized exceptions to this general rule and has held that a stay of discovery until a pending motion is decided may be appropriate "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[5]

---

[1] No. 09-4158-SAC, 2011 WL 3349153 (D. Kan. Aug. 3, 2011).

[2] *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990).

[3] *Commodity Futures Trade Comm'n v. Chilcott Portfolio Mgmt, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[4] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[5] *Id.* (citing *Kutilek,* 132 F.R.D. at 297-98).

**II.     The Parties' Arguments**

Defendants argue that the Court should stay this case because it is likely to be finally concluded as a result of a ruling on their pending motion to dismiss. They have moved to dismiss all of Plaintiff's claims based on Judge Crow's August 3, 2011 Memorandum and Order in *Tri-State Truck Insurance, Ltd. v. First National Bank of Wamego*.[6] In the *Tri-State Truck* decision, the court generally recognized that only parties to a contract can sue upon that contract, and specifically recognized that a bank that is not a party to loan agreement cannot sue to enforce that loan agreement. Defendants argue that *Tri-State Truck* is "virtually identical" to the present case, both legally and factually, and that holding is controlling in this case. Defendants further argue that the issues raised in their motion to dismiss are purely questions of law so that no discovery is needed that could affect the outcome of the ruling on the motion to dismiss.

Plaintiff opposes Defendants' motion to stay the case. It argues that the *Tri-State Truck* case is in fact very different from the present case, especially in terms of standing. According to Plaintiff, in the *Tri-State Truck* case, the original lender did not "sell" the loans to a third party, whereas herein the loans were sold to a third party. Unlike *Tri-State Truck*, the loans at issue here were securitized. Also, the plaintiff-creditor in *Tri-State Truck* was a bank that held only participation certificates in the respective loans and did not have a right to proceed directly against the debtor for default. In this case, Plaintiff is an agent authorized to pursue the claims of an indenture trustee that is empowered by the indenture to collect the funds generated by these loans, to liquidate the collateral following an event of default under the indenture, to take measures to protect the loans under the indenture. It is moreover entitled to pursue a turnover and liquidation of collateral

---

[6] 2011 WL 3349153.

securing the loans upon default of the loan borrowers. Therefore, as opposed to the allegations of Defendants' motion to dismiss, there is near complete dissimilarity between the *Tri-State Truck* case and this case regarding the relation of the plaintiff to the debt. Plaintiff contends that this makes it unlikely that Defendants will prevail on their pending motion to dismiss.

Defendants dispute Plaintiff's assertion that *Tri-State Truck* is factually very different from the facts of this case. In response to Plaintiff's claim that *Tri-State Truck* original lender did not "sell" the loans to a third party, Defendants argue that the original lender, unbeknownst to the participating lenders, "sold" the last remaining 5.025% stake of the loan, making 100% of the loans participated and "sold" to third parties, just like Plaintiff is claiming in this matter. Defendants also argue that this case is similar to *Tri-State Truck* in that Plaintiff only holds a note and indenture, which have nothing to do with the Defendants. Like *Tri-State Truck*, this note does not provide Plaintiff with a right to enforce agreements to which Plaintiff is not a party. Finally, Defendants claim that this case is even more compelling than *Tri-State Truck* itself as the degrees of separation between Defendants and Plaintiff are even more pronounced because there were intermediate acquisitions of the note, making any privity-type argument even further strained.

### III.    Whether a Stay of This Action is Appropriate

Although the Court agrees with Plaintiff that factual differences exist between *Tri-State Truck* and this case, Defendants have convinced the Court that this case is sufficiently similar to *Tri-State Truck* to warrant staying this action until the Court rules on Defendants' motion to dismiss. The subject matter of both cases pertains to commercial loans and guaranties made by the now defunct Brooke Credit Corporation (which later changed its name to Aleritas) that were later acquired by banks who are now seeking to collect the debt due under the loans and pursue the

collateral securing the loans. The issues raised in Defendants' motion to dismiss appear to be questions of law, and Plaintiff has not argued that it needs additional discovery in order to respond to Defendants' motion. Finally, Plaintiff will not be unduly prejudiced by this relatively short delay in beginning the Rule 26 and discovery process. In fact, all the parties may benefit from not having to expend resources litigating and conducting discovery on claims that may be dismissed.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery and All Other Federal Rule of Civil Procedure 26 Activities Except Mediation (ECF No. 19) is granted. All Fed. R. Civ. P. 26 proceedings (with the exception of early mediation), including the Rule 26(f) meeting, report of planning meeting, initial disclosures pursuant to Rule 26(a)(1), scheduling conference, discovery, and all other Rule 26 activities, are hereby stayed until the Court rules on Defendants' Motion to Dismiss (ECF No. 17). In the event any part of the motion is denied, counsel for Plaintiff should email KSD_Waxse_chambers@ksd.uscourts.gov to set up a scheduling conference.

**IT IS FURTHER ORDERED THAT** the parties are permitted and encouraged, but not required at this time, to participate in early mediation.

Dated in Kansas City, Kansas, this 10th day of August, 2012.

        s/ David J. Waxse
        David J. Waxse
        United States Magistrate Judge